UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FERRARA CANDY COMPANY,

    Plaintiff,

v.                                                                                          Case No:   2:17-cv-512-FtM-38MRM

EXHALE VAPOR LLC, ORGASMIC
FLAVORS, INC., MICHELLE ALLEN
d/b/a OOH LA LA PREMIUM ELIQUIDS,
MICHELLE ALLEN d/b/a EXHALE
VAPOR WHOLESALE, MICHELLE
ALLEN d/b/a VAPE JUNKIE EJUICE, and
MICHELLE ALLEN, individually,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff Ferrara Candy Company's Motion for Attorney's Fees and Costs Pursuant to Judgment and Permanent Injunction of Doc. 33, filed on August 13, 2018. (Doc. 34). No response has been filed, and this matter is ripe for review.

**I.     Background**

Plaintiff brought this action against Defendants, alleging that Defendants were liable for federal trademark infringement, federal trademark dilution, federal unfair competition, common

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

law claims, and Florida state law claims. (Doc. 1). On May 11, 2018, Plaintiff filed a Motion for a Final Default Judgment and a Permanent Junction against all Defendants. (Doc. 32). The Court granted Plaintiff's Motion on July 30, 2018. (Doc. 33).

In doing so, the Court addressed Plaintiff's request for attorneys' fees and costs, noting that despite initially seeking monetary damages in its Complaint (Doc. 1), Plaintiff only sought an award of attorneys' fees and costs in the Motion for Final Default Judgment and Permanent Injunction. (Doc. 33 at 17-18). The Court found that as the prevailing party, Plaintiff was entitled to an award of qualifying costs pursuant to 28 U.S.C. § 1920 and that this action was an "exceptional case," such that the award of attorneys' fees was appropriate under the Lanham Act, 15 U.S.C. § 1117(a). (*See id.* at 18-20). The Court therefore directed Plaintiff to submit evidence of reasonable attorneys' fees and costs. (*Id.* at 22). Plaintiff now seeks attorneys' fees in the amount of $45,098.50 and costs in the amount of $1,290.00, for a total of $46,388.50. (Doc. 34 at 3). With the issue of entitlement to fees already determined, the Undersigned turns to the issue of whether Plaintiff's request for fees and costs is reasonable.

**II.   Analysis**

"A reasonable attorneys' fee is 'properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate'" to obtain the "lodestar." *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1317 (M.D. Fla. 2001) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)); *see also Lawrence v. Berkley Grp., Inc.*, No. 10-61069-civ-KMW, 2013 WL 12239477, at *1 (S.D. Fla. Feb. 20, 2013). The party seeking fees "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). "[A]n applicant may meet this burden by producing either direct evidence of rates charged under

2

similar circumstances, or opinion evidence of reasonable rates." *Wales*, 192 F. Supp. 2d at 1317 (citing *Norman*, 836 F.2d at 1299).  A court may, however, rely on its own expertise and judgment in assessing the value of counsel's services.  *Id.* (citing *Norman*, 836 F.2d at 1303).

### a. Hourly Rate

The first step in reaching the lodestar is to determine a reasonable hourly rate.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation."  *Norman*, 836 F.2d at 1299 (citing *Blum*, 465 U.S. at 895-96 n.11).  Generally, the "'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'"  *Wales*, 192 F. Supp. 2d at 1318 (quoting *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999)); *see also United States v. Central Fla. Reg'l Workforce Dev. Bd., Inc.*, No. 6:04-cv-93-Orl9DABC, 2007 WL 1601747, at *5 (M.D. Fla. June 1, 2007).  Thus, the relevant market is the Fort Myers Division of the Middle District of Florida.  *Isaac v. Classic Cleaners of Pelican Landing, Inc.*, No. 2:16-cv-171-FtM-29CM, 2017 WL 632510, at *1 (M.D. Fla. Feb. 16, 2017) (citing *Olesen–Frayne v. Olesen*, 2:09-cv-49-FtM-29DNF, 2009 WL 3048451, at *2 (M.D. Fla. Sept. 21, 2009)).

The Undersigned notes that two of Plaintiff's three attorneys are located in Minneapolis, Minnesota.  This Court has held that if counsel seeks recovery for non-local rates, a plaintiff "must show a lack of attorneys practicing in that place who are willing and able to handle his claims."  *Wales*, 192 F. Supp. 2d at 1318 (concluding that affidavit reflecting "only a limited search for local counsel" was insufficient to meet the plaintiff's burden); *see also Martinez v. Hernando Cty. Sheriff's Office*, No. 8:12-cv-666-T-27TGW, 2013 WL 6047020, at *3 (M.D. Fla. Nov. 13, 2013), *aff'd*, 579 F. App'x 710 (11th Cir. 2014).

Plaintiff seeks compensation for three attorneys and two paralegals and requests the following rates:

| **Attorney** | **Rate (8/31/16-9/30/17)** | **Rate (10/1/17-7/31/18)** |
|---|---|---|
| Scott W. Johnston | $560 | $575 |
| Gregory C. Golla | $470 | $480 |
| Jennifer Whitelaw | $425 | $425 |

| **Paralegal** | **Rate** |
|---|---|
| Kaye T. Holst | $270 |
| Brenda Crain | $205 |

(Doc. 34-1 at 2-3).

In support of its fee request, Plaintiff submits the declaration of Attorney Golla, who states that he is familiar with the case and attests to the attorneys' respective rates and number of hours worked as reflected in the attached itemized billing entries. (Doc. 34-1 at 1-3). However, other than stating that the three attorneys are partners in their respective law firms, there is no evidence as to any of the attorneys' experience, skill, or reputation. (*See generally* Docs. 34, 34-1). Furthermore, Plaintiff has not submitted any evidence demonstrating that it was unable to find local counsel willing and able to take on the action. The Undersigned recommends that the presiding District Judge decline to award the rates requested by Attorneys Johnston and Golla because they exceed those considered reasonable in the Fort Myers Division of the Middle District of Florida, and Plaintiff has presented no evidence that would support a finding that the rates are reasonable under the circumstances.

Although the Undersigned has not found any recent intellectual property cases from this division that address the issue of reasonable fees, this Court has awarded rates of up to $425 an hour in other cases.  *See, e.g.*, *Whirpool Corp. v Olsen*, No. 2:15-cv-223-FtM-38CM, 2016 WL 241391, at *2 (M.D. Fla. Jan. 5, 2016), *report and recommendation adopted sub nom*, *Whirlpool Corp. v. Wysocki*, No. 2:15-cv-223-FTM-38CM, 2016 WL 233793 (M.D. Fla. Jan. 20, 2016); *see also Adams v. Fritz Martin Cabinetry, LLC*, No. 2:18-cv-83-FtM-99MRM, 2018 WL 4215892, at *4 (M.D. Fla. Sept. 5, 2018); *Mid-Continent Cas. Co. v. G.R. Constr. Mgmt., Inc.*, No. 2:17-cv-55-FtM-38CM, 2018 WL 2945613, at *5 (M.D. Fla. May 25, 2018) ("This district previously has determined that an hourly rate of $225.00 per hour is a reasonable rate for an associate practicing for 9 years in the Fort Myers, Florida Market. . . . [A]s for partners, this Court previously has determined that $400.00 per hour is a reasonable rate in the Fort Myers, Florida market for an attorney with 15 years experience and language skills." (citing *Hamprecht v. Hamprecht*, No. 2:12-cv-125-FtM-29DNF, 2013 WL 1155675, at *4 (M.D. Fla. Mar. 14, 2013))).  Attorney Whitelaw is an attorney practicing in the Fort Myers Division of the Middle District of Florida.  Upon consideration, the Undersigned concludes that Attorney Whitelaw's rate of $425 per hour is reasonable for the Fort Myers Division and recommends reducing Attorneys Johnston and Golla's hourly rates to match hers.  Thus, the Undersigned recommends awarding all attorneys at a rate of $425 per hour.

As to the rates requested for the paralegals, no evidence has been submitted regarding the paralegals' relevant work experience.  This Court recently found that paralegal rates ranging from $85 to $195 were reasonable for the Fort Myers area.  *Tropical Bees, LLC v. Barka Grp., LLC*, No. 2:16-cv-672-FtM-38MRM, WL 2017 WL 7354757, at *5 (M.D. Fla. Apr. 24, 2017); *Branch Banking & Tr. Co. v. Park Circle, LLC*, No. 2:18-cv-25-FtM-38CM, 2014 WL 3887481,

5

at *4 (M.D. Fla. Aug. 7, 2014) (awarding requested paralegal rate of $110.00 and noting that although "Plaintiff provided no information regarding the paralegals' experience, . . . a review of the time sheet reveals that the paralegals often performed legal rather than clerical tasks"). Based on the rates sought, the type of work completed by the paralegals, and the prevailing market rates, the Undersigned recommends reducing both paralegals' rates to $175.

### b. Number of Hours Expended

The second step in the lodestar analysis is determining what hours were reasonably expended in pursuing the action. Fee applicants must exercise "billing judgment" and exclude hours "that would be unreasonable to bill to a client." *ACLU of Ga.*, 168 F.3d at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "[A] court may reduce excessive, redundant or otherwise unnecessary hours in the exercise of billing judgment." *Galdames v. N & D Inv. Corp.*, 432 Fed. App'x 801, 806 (11th Cir. 2011) (emphasis omitted) (quoting *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988)). "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

As a preliminary matter, the Undersigned notes that nowhere in Plaintiff's Motion did it provide a calculation of the number of hours expended by each attorney and paralegal. Rather, Plaintiff simply explained each attorneys' and paralegal's hourly billing rate and directed the Undersigned's attention to the attached itemized billing entries. (*See generally* Doc. 34-1 at 2-3). Thus, the Undersigned has been tasked with calculating the number of hours for Plaintiff. It appears that Plaintiff's counsel and their paralegals expended a total of 101.05 hours on this action and that the individual attorneys and paralegals contributed as follows:

| **Attorney** | **Hours** |
|---|---|
| Scott W. Johnston | 17.05 |
| Gregory C. Golla | 39.75 |
| Jennifer Whitelaw | 33.1 |
| **Paralegal** | **Hours** |
| Kaye T. Holst | 1.9 |
| Brenda Crain | 9.25 |
| **Total** | **101.05** |

Upon review of the time entries, (*see* Docs. 34-2, 34-3), the Undersigned has identified numerous entries that are block billed and/or vague,[2] making it impossible to determine whether the number of hours expended on tasks was reasonable or what compensable work was performed. See *Franklin v. Hartford Life Ins. Co.*, No. 8:07-cv-1400-T-23MAP, 2010 WL 916682, at *3 (M.D. Fla. Mar. 10, 2010) ("[B]lock billing makes judicial review unnecessarily difficult and warrants reduction of the number of hours claimed in the attorney's fee motion."); *Bujankowski v. Kocontes*, No. 8:08-cv-0390-T-33EAJ, 2009 WL 1564263, at *3 (M.D. Fla. Feb. 2, 2009). The Eleventh Circuit has approved across-the-board reductions to fee requests where billing entries are block billed. *See, e.g.*, *Dial HD, Inc. v. ClearOne Commc'ns*, 536 Fed. App'x 927, 931 (11th Cir. 2013); *see also Stavrakis v. Underwriters at Lloyd's London*, No. 8:16-cv-2343-EAK-JSS, 2018 WL 4908104, at *3 (M.D. Fla. June 29, 2018). The determination of what percentage to use in reducing fee requests is made on a case-by-case basis. *See, e.g.*, *Michael McBride v. Legacy Components, LLC*, No. 8:15-cv-1983-EAK-TGW, 2018 WL 4381181, at *3

---

[2] Although not limited to these entries, examples include time entries on July 31, 2017; August 23, 2017; September 6, 2017; October 3, 2017; October 6, 2017; October 10, 2017; December 13, 2017; May 4, 2018; and June 20, 2018. (Docs. 34-2, 34-3).

7

(M.D. Fla. Aug. 30, 2018) ("Upon consideration of those entries and relevant legal authority, the Court finds that a thirty-five percent reduction in the hours billed through those entries is necessary and appropriate."); *Stavrakis*, 2018 WL 4908104, at *4 ("Upon consideration of those entries and relevant legal authority, the Court finds that a twenty percent reduction in the hours billed through those entries is necessary."); *Four Green Fields Holdings, LLC v. Four Green Fields, an Irish Pub, Inc.*, 8:10-cv-2800-T-27EAJ, 2011 WL 5360143, at *3 (M.D. Fla. Oct. 17, 2011), *report and recommendation adopted sub nom. Four Green Fields Holdings, LLC v. Four Green Fields*, 8:10-cv-2800-T-27EAJ, 2011 WL 5360123 (M.D. Fla. Nov. 2, 2011) ("Because this type of billing precludes an accurate review of the individual entries, a reduction of ten percent of the total hours billed by Daniel Frijouf is appropriate.").

Here, the block-billed entries make up approximately 30% of the total hours billed. Upon consideration, the Undersigned concludes that a 15% across-the-board reduction in the number of hours is warranted here to "offset the ill effects of block billing," *Stavrakis*, 2018 WL 4908104, at *3, and recommends reducing the number of hours billed by 15%.

### c. Lodestar Calculation

With the foregoing findings and the Undersigned's conclusion that the hours billed be reduced by 15% in mind, the Undersigned now computes the lodestar. The attorneys worked a combined total of 89.9 hours. A 15% reduction in those hours equals 76.415. Thus, at a rate of $425 per hour, the attorneys' fees equal $32,476.375. The paralegals worked a combined total of 11.15 hours. A 15% reduction in those hours equals 9.4775. At a rate of $175 per hour, their fees amount to $1,658.5625. Combining the attorney and paralegal sums, the Undersigned therefore recommends awarding a total of $34,134.94 in fees.

### d. Plaintiff's Request for Costs

In addition to attorneys' fees, Plaintiff seeks the following costs:

| | |
|---|---|
| Filing Fee for Complaint | $400 |
| Complaint Service Fee Attempt on Exhale Vapor | $95.00 |
| Complaint Service Fee Attempt on Orgasmic Flavor | $95.00 |
| Complaint Service Fee – Completed on Orgasmic | $75.00 |
| Complaint Service Fee – Completed on Exhale | $80.00 |
| Complaint Service Fee – Completed – Michelle Allen | $245.00 |
| Pro Hac Application Fee – Scott Johnston | $150.00 |
| Pro Hac Application Fee – Gregory Golla | $150.00 |
| **Total** | $1,290.00 |

(Doc. 34-1 at 3; 34-4 at 2).

The Court previously determined Plaintiff's entitlement to costs under 28 U.S.C. § 1920. (Doc. 33 at 18). A court is prohibited from taxing costs "in excess of those permitted by § 1920." *Hamilton v. Frito-Lay, Inc.*, No. 605-cv-592-Orl-22JGG, 2007 WL 328792, at *3 (M.D. Fla. Jan. 8, 2007) (citing *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988)).

Section 1920 enumerates the following as taxable costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;

9

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Upon review of the requested costs, the Undersigned recommends deducting the pro hac vice fees, totaling $300, because they are not recoverable under § 1920. *Maciejczyk v. You Fit, Inc.*, No. 8:12-cv-1462-T-27MAP, 2013 WL 7186419, at *5 (M.D. Fla. Dec. 12, 2013), *report and recommendation adopted*, No. 8:12-cv-1462-T-27MAP, 2014 WL 585067 (M.D. Fla. Feb. 12, 2014) (disallowing requested costs for pro hac vice fees). Thus, the Undersigned recommends awarding costs in the amount of $990.

### III. Conclusion

Accordingly, for the reasons explained above, the Undersigned **RESPECTFULLY RECOMMENDS**:

1) Plaintiff Ferrara Candy Company's Motion for Attorney's Fees and Costs Pursuant to Judgment and Permanent Injunction of Doc. 33 (Doc. 34) be **GRANTED IN PART** as follows:

    a. That Plaintiff be awarded $34,134.94 in attorneys' fees.

    b. That Plaintiff be awarded $990.00 in costs.

Respectfully recommended in Chambers in Fort Myers, Florida on January 7, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties